FILED

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FEB 1  2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY CLERK

SERGIO GAMEZ, JOSUE MARTINEZ, )
ROBERTO ACEVEDO, MANUEL GARCIA, )
JOSE VILLEGAS, and EFREN GARAY, )
                              )
        Plaintiffs,           )
                              )  CASE NO. SA03CA1003OG
v.                            )
                              )
BAKER DRYWALL CO., INC.,      )
                              )
        Defendant.            )
                              )

### ORDER

Before this Court is the Parties' Joint Motion for Approval of Stipulation of Settlement and Release as well as the accompanying Stipulation of Settlement of Release. After reviewing the Joint Motion and hearing from the Parties, this Court finds as follows:

I.  **FINDINGS OF FACT**

On October 14, 2003, Plaintiffs Sergio Gamez, Josue Martinez, Roberto Acevedo, Manuel Garcia, Jose Villegas, and Efren Garay filed a lawsuit against Baker Drywall Co., Inc. ("Baker Drywall") in this Court on behalf of themselves alleging, *inter alia*, that Plaintiffs and those similarly situated did not receive required compensation for work performed and that Baker Drywall allegedly violated the Fair Labor Standards Act ("FLSA"). The Plaintiffs also pleaded this lawsuit as a collective action and sought to represent other drywall workers who were similarly situated.

In its Answer and at all times thereafter, Baker Drywall has maintained that drywall workers in the San Antonio office never worked off-the-clock or performed any compensable

206969

1

preliminary, postliminary or other activities for which they were not compensated. Baker Drywall also maintained that, at all relevant times, its policies, practices and procedures were in compliance with all applicable federal wage and hour laws.

On April 19, 2004, this Court ordered the lawsuit to proceed as a collective action on behalf of "all present and former journeymen, leadmen, workers, helpers and laborers of Baker Drywall Co., Inc.'s San Antonio division who were paid by the hour and worked in construction-related jobs from October 14, 2000, through October 14, 2003." From October 23, 2004, until December 22, 2004, eligible individuals had the opportunity to file with the District Court Consents to join this lawsuit. One hundred twenty three (123) Consents were filed during that time period.

On August 10, 2005, the Parties filed a Stipulation of Dismissal eliminating eight duplicate consents. Also, on August 10, 2005, the Parties filed a Rule 41(c)(1)(II) Stipulation dismissing Plaintiffs Carl McGarity and Arnulfo Ledezma because, although they consented to join the lawsuit, these two were not eligible under the Court's April 19, 2004 Order. On October 20, 2005, the District Court dismissed Plaintiffs Javier Tambunga, Edgar Cervantes and Rafael Vega for want of prosecution. Currently, one hundred ten (110) Plaintiffs remain in the lawsuit.

The Court finds that the Parties engaged in extensive discovery. Baker Drywall produced nearly 18,000 pages of documents, and deposed 22 Plaintiffs and took 11 Certificates of Non-Appearance. In addition to the discovery undertaken in this lawsuit, Plaintiffs' Counsel and Defendant's Counsel devoted significant amounts of time into research and investigation into the factual and legal elements necessary to establish the FLSA claims and available defenses.

After numerous rounds of negotiations, the Parties agreed upon a total lump sum payment of $350,000.00 to provide full and final settlement of this lawsuit, full and final settlement of

another lawsuit filed by Plaintiffs' Counsel on behalf of four former foremen against Baker Drywall alleging similar FLSA violations[1], and for attorneys' fees available pursuant to the FLSA for both lawsuits. In pertinent part, the Stipulation of Settlement provides as follows:

1. Baker Drywall will pay a lump sum of $350,000.00 to settle this lawsuit and other claims of the Plaintiffs, settle another lawsuit alleging similar violations, and satisfy statutorily available attorneys' fees for both cases.

2. Of the $350,000.00 lump sum payment, $150,000.00 will be divided among the remaining 110 Plaintiffs. This sum represents a recovery of back wages as well as liquidated damages. Although ten Plaintiffs were eligible for settlement amounts of less than $100.00, the minimum amount of settlement has been set at $100.00.

3. $40,000.00 of the lump sum is to be divided equally between the four former foremen in the *Martinez* lawsuit.

4. The remaining $160,000.00 is recoverable as attorneys' fees pursuant to the fee-shifting provisions of the FLSA. Plaintiffs' Counsel indicate that, pursuant to their fee agreements, they are entitled to a 40% recovery (which would be $140,000.00 of $350,000.00) as well as any expenses, which they value at $20,000.00.

5. In exchange for the consideration noted above, each Plaintiff, upon his execution of the Stipulation, releases his pending and unasserted wage claims as well as some other unasserted employment-related claims. Any claims for unemployment compensation and workers' compensation were specifically excluded from settlement. Plaintiffs who fail to execute the Stipulation will not receive any settlement monies and will have their claims dismissed without prejudice.

---

[1] *Domingo Martinez, Albert Vasquez, Jose Ordonez and David Ortiz v. Baker Drywall Co., Inc.*, Case No. SA05CA0632OG.

II.     **CONCLUSION OF LAW**

This Court finds that there is a bona fide dispute between the Parties in that Plaintiffs' claim that they are owed at least thirty (30) minutes of compensation per day because of off-the-clock work before and after the scheduled workday. Defendant, however, claims that any activities done before and after the scheduled workday are not compensable. The Parties have compromised the claims at issue and settled their dispute. This Court finds that the Stipulation of Settlement and Release is a fair, reasonable, and adequate settlement. This Court hereby approves the settlement. Accordingly, this case is hereby dismissed with prejudice, the claims of Plaintiffs who execute the Stipulation are dismissed with prejudice, and the claims of Plaintiffs who fail to execute the Stipulation 180 days from the day this Order is signed are dismissed without prejudice.

SO ORDERED this 1st day of Febuary, 2006.

_____
HONORABLE ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

4

206969